IN THE SUPERIOR COURT

**FILED**
February 17, 2022 04:38 PM
SX-2013-CV-00117
TAMARA CHARLES
CLERK OF THE COURT




## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **ALI A. TAHA,** | |
| **PLAINTIFF,** | Civil No. SX-2013-CV-117 |
| v. | **ACTION FOR DEBT AND CONSTRUCTIVE TRUST** |
| **ZILA SHARMOUJ AND MAHMUD SHARMOUJ, TRUSTEES OF THE ZILA SHRMOUJ REVOCABLE TRUST,** | |
| | **CITE AS: 2022 VI SUPER 21U** |
| **DEFENDANTS.** | |

**Appearances:**
**Ali A. Taha**
*Plaintiff, pro se*

**K. Glenda Cameron, Esq.**
Law Office of K. G. Cameron
Christiansted, U.S. Virgin Islands
*For Defendants*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** is before the Court *sua sponte* for review.

### BACKGROUND

¶ 2    On April 2, 2013, Plaintiff Ali A. Taha (hereinafter "Plaintiff") filed a complaint against Zila Sharmouj and Mahmud Sharmouj, trustees of the Zila Sharmouj Revocable Trust (hereinafter "Defendants"), in an action "for debt and constructive trust." (Compl.) On June 7, 2013, Defendants filed an answer in response to Plaintiff's complaint.

¶ 3    On April 24, 2019, Robert A. Waldman, Esq. of Hamm Eckard LLP (hereinafter "Attorney Waldman"), Plaintiff's counsel at the time, filed a motion to withdraw as counsel for Plaintiff in this matter.

¶ 4     On July 10, 2019, the Court entered an order whereby the Court granted Attorney Waldman's motion to withdraw as counsel, ordered that the order "shall not be effective until Attorney Waldman shall forthwith serve the Plaintiff with a copy of this Order and file proof of such service with the Court within thirty (30) days" and that "within thirty (30) days following the date of service and this Order upon the Plaintiff's new counsel shall file a notice of appearance for the Plaintiff." (July 10, 2019 Order.)

¶ 5     On January 9, 2020, the parties appeared for a hearing—to wit, Mark Eckard, Esq. (hereinafter "Attorney Eckard") appeared for Attorney Waldman as counsel for Plaintiff and K. Glenda Cameron, Esq. (hereinafter "Attorney Cameron") appeared as counsel for Defendants. Attorney Cameron advised the Court that she believes the matter has been resolved.

¶ 6     On January 29, 2020, Scot F. McChain, Esq. (hereinafter "Attorney McChain") filed a notice of compliance of the July 10, 2019 order with the following documents: Exhibit A-a copy of the certified mail receipt showing that "Ali Taha" signed for receipt on January 24, 2020, a copy of the cover letter to Plaintiff, dated January 15, 2020, and a copy of the Court's July 10, 2019 order.

¶ 7     On October 7, 2021, the Court entered an order whereby the Court ordered as follows:

> **ORDERED** that, **within thirty (30) days from the date of entry of this Order**, Plaintiff [Ali A. Taha] and Defendants [Zila Sharmouj and Mahmud Sharmouj, trustees of the Zila Sharmouj Revocable Trust] shall file a stipulated joint notice advising the Court of the status of this case. If this matter has not been resolved, then the parties shall file a stipulated scheduling order with their stipulated joint notice. The parties shall include a blank date for a status conference via zoom on the proposed scheduling order for the Courts convenience. Failure to submit a stipulated scheduling order will result in a show cause hearing and possible sanctions.

(Oct. 7, 2021 Order.)[1]

---

[1] In the Oct. 7, 2021 order, the Court explained:

¶ 8    On November 22, 2021, the Court entered an order whereby the Court noted that "[a]s of

the date of this Order, no stipulated joint notice advising the Court of the status of the case has

been filed" and ordered as follows:

> **ORDERED** that the October 7, 2021 order ordering the parties to file a stipulated joint notice advising the Court of the status of this case shall be and is hereby **VACATED**. It is further:
>
> **ORDERED** that a copy of this Order shall be served upon Plaintiff at P.O. Box 5255, Sunny Isles, VI 00823 via certified mail and regular First Class mail. It is further:
>
> **ORDERED** that a copy of this Order shall be served upon Defendant Zila Sharmouj and Defendant Mahmud Sharmouj via their counsel K. Glenda Cameron, Esq. It is further:
>
> **ORDERED** that, **within thirty (30) days from the date of service of this Order upon Plaintiff**, Plaintiff shall file a notice advising the Court of the status of this case. Failure to do so may result in this matter being dismissed for failure to prosecute. **And** it is further:
>
> **ORDERED** that if Plaintiff's notice indicate that this matter has not been resolved, then **within thirty (30) days from the date Plaintiff filed her notice,** the parties shall file a stipulated scheduling order. The parties shall include a blank date for a status conference via zoom on the proposed scheduling order for the Courts convenience. Failure to do so may result in a show cause hearing and possible sanctions.

(Nov. 22, 2021 Order.)

¶ 9    On December 23, 2021, Plaintiff was mailed a copy of the November 22, 2021 order via

via certified mail (USPS Tracking Number: 7020 2450 0002 2578 1546) and regular First Class

mail. Based on the information provided by the USPS Tracking Number, the certified mail was

---

There has been no further movement in this case since Attorney McChain filed the notice of compliance on January 29, 2020.

Given Attorney McChain's January 29, 2020 notice of compliance, the July 10, 2019 order granting Attorney Waldman's motion to withdraw as counsel is in effect and Attorney Waldman is no longer the counsel of record for Plaintiff. (*See* July 10, 2019 Order.)

At this juncture, it is unclear whether this matter has been resolved as suggested by Attorney Cameron at the January 9, 2020 hearing.

(Oct. 7, 2021 Order.)

delivered and received on December 31, 2021. Additionally, there is nothing in the record that indicates that the regular First Class mail was returned to sender. The thirty-day period has since passed.

¶ 10    As of the date of this memorandum opinion and order, Plaintiff has not filed a notice advising the Court of the status of this case and no notice of appearance has been filed on behalf of Plaintiff since Attorney Waldman withdrew as her counsel.[2]

## STANDARD OF REVIEW

¶ 11    In *Halliday v. Footlocker Specialty, Inc.*, the Virgin Islands Supreme Court adopted the six *Poulis*[3] factors and held that "the Superior Court may not dismiss an action for failure to prosecute unless these six [*Poulis*] factors strongly weigh in favor of dismissal as a sanction. 53 V.I. 505, 511 (V.I. 2010). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Molloy v. Independent Blue Cross*, 56 V.I. 155, 185-86 (V.I. 2012) (quoting *Poulis*, 747 F.2d at 868).

In *Molloy*, the Virgin Islands Supreme Court instructed that "[a]lthough a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings." 56 V.I. 155, 186 (V.I. 2012) (citations omitted). In other words, "the 'extreme' sanction of dismissal is reserved

---

[2] *See supra*, footnote 1.

[3] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

for instances in which 'a trial court makes appropriate findings to all six factors'" and "[w]ithout them, the drastic sanction of dismissal 'cannot be warranted.'" *Id.* (citations omitted).

## DISCUSSION

¶ 12    This matter has been pending since 2013 with minimal movement, and there has been no movement at all in the past two years.[4] The Court will consider the six *Poulis* factors and determine whether dismissal for failure to prosecute is warranted in this instance.

### 1. Plaintiff's Personal Responsibility

¶ 13    While Plaintiff was initially represented by counsel, she has been proceeding as a pro se litigant since January 2020. She has not done anything to move this matter forward since, and in fact, has failed to comply with the Court's October 7, 2021 order[5] and November 22, 2021 order inquiring the status of this case. While Plaintiff, as a pro se litigant, is "entitled to additional leniency, that leniency is not a license [excusing non-compliance] with relevant rules of procedural and substantive law." *Montgomery v. Virgin Grand Villas St. John Owners' Association*, 71 V.I. 1119, 1127-28 (V.I. 2019) (internal quotation omitted); *see also*, *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 622 (V.I. 2017) (noting that the leniency toward pro se litigants has limits). As such, this factor weighs strongly in favor of dismissal.

### 2. Prejudice to the Adversary

¶ 14    In *Molloy*, the Virgin Islands Supreme Court stated that "[p]rejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing

---

[4] *See supra*, footnote 1.

[5] While Plaintiff could not have complied on her own with the October 7, 2021 order since the Court ordered Plaintiff and Defendants to file a stipulated joint notice, Plaintiff certainly could have advised the Court without Defendants regarding her position on the status of this case.

parties' ability to present or defend their claim(s) due to the improper behavior." 56 V.I. at 189 (*citing Poulis*, 747 F.2d at 868). As noted above, there has been no movement in this case since January 2020.[6] With the passage of time, evidence could be lost, memories could fad, and witnesses could disappear or become unavailable. As with any case, a lengthy delay will certainly make it more difficult for Defendants to defend against Plaintiff's claims. As such, this factor weighs in favor of dismissal.

### 3. A History of Dilatoriness

¶ 15    A history of dilatoriness is characterized by a consistent delay by the plaintiff's counsel. *Gilbert v. Gilbert*, 2017 V.I. LEXIS 143, at *8 (Super. Ct. Sep. 11, 2017) (citing *Poulis*, 747 F.2d at 868). A preliminary review of the file and the docket revealed that Plaintiff's counsel and Plaintiff have been dilatory in prosecuting this matter—to wit, very little actions have been taken to move this matter forward.[7] As such, this factor weighs in favor of dismissal.

### 4. Offending Party/Attorney's Conduct Willful or in Bad Faith

¶ 16    In *Molloy*, the Supreme Court stated that "the trial court must point to specific evidence to justify its determination of willfulness or bad faith." 56 V.I. at 192. Thus, if there is no evidence of willfulness or bad faith on the record, the Court must presume the party/attorney's conduct was not willful or in bad faith. *Id.* Here, there is specific evidence to justify a determination that Plaintiff's conduct was willful or in bad faith—to wit, Plaintiff ignored the Court's October 7, 2021 order[8] and November 22, 2021 order. As such, this factor weighs in favor of dismissal.

---

[6] *See supra*, footnote 1.

[7] For example, minimal discovery has been done.

[8] *See supra*, footnote 5.

### 5. Effectiveness of Alternate Sanctions

¶ 17    Courts must look to other appropriate methods of sanctioning before dismissal for failure to prosecute because "[d]ismissal must be a sanction of last, not first, resort." *Gilbert*, 2017 V.I. LEXIS 143 at *10 (citing *Poulis*, 747 F.2d at 869). Here, some alternate sanctions include excluding evidence, precluding witnesses, striking portions of the pleadings, or imposing monetary sanctions. *See Gilbert*, 2017 V.I. LEXIS 143 at *10. However, none of these alternatives are appropriate here because in taking everything into consideration—such as the fact that this case has been pending since 2013 with minimal movement and the fact that Plaintiff ignored the Court's recent orders—the Court finds that there lacks a clear interest on Plaintiff's part to pursue her case against Defendants. As such, this factor weighs in favor of dismissal.

### 6. Meritoriousness of the Claim

¶ 18    "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *See Gilbert*, 2017 V.I. LEXIS 143 at *10 (quoting *Poulis*, 747 F.2d at 869-70). In her complaint, Plaintiff did not set forth any counts designating specific causes of action. Instead, the caption indicated that it was an action "for debt and constructive trust."[9] (Compl.)

---

[9] While Plaintiff indicated in the caption of the complaint that it is an action "for debt and constructive trust," constructive trust is an equitable remedy and therefore not a separate cause of action. *See* 90 C.J.S. Trusts § 176 ("[Constructive trusts] are remedial in character and are classified as belonging to remedial rather than substantive law, and it is not itself a substantive right.") (internal citations omitted); *see also, In re Estate of Todman*, 48 V.I. 166, 180 (V.I. Super. Ct. Dec. 17, 2006) ("a constructive trust is an equitable remedy compelling a person who has property to which he is not justly entitled to transfer it to the person entitled to it") (internal quotations and citation omitted). Thus, the Court will only address Plaintiff's debt claim.

¶ 19    As noted in *Carlos Warehouse v. Thomas*, "no Virgin Islands precedent (binding or persuasive) explains what common law rule governs a claim for money owed" and thus, a *Banks* analysis was necessary to determine whether a debt claim should be recognized under the common law of the Virgin Islands and what specific rules should apply. 64 V.I. 173, 183-84 (V.I. Super. Ct. May 12, 2016). The *Carlos Warehouse* court conducted a *Banks* analysis and concluded that "it is unquestionably the soundest rule for the Virgin Islands to recognize a claim for debt," *Id.* at 192 (quotation marks and internal citation omitted), and that "[t]o state a common law claim for debt under Virgin Islands law, the plaintiff must allege that the defendant owes a certain amount and that the defendant is or should be obligated to pay that amount." *Id.* Having reviewed the *Banks* analysis conducted in *Carlos Warehouse*, this Court sees no reason to depart from that ruling and adopts that analysis as though the same were set forth herein. In her complaint, Plaintiff alleged that Plaintiff and Defendants agreed for Defendants to purchase real property from Plaintiff for the purchase price of $365,000.00 (Compl. ¶¶ 5-6) and Defendants only paid a total of $322,381.31 (Compl. ¶¶ 7-10). The Court finds Plaintiff's claim meritorious because if these allegations are established at trial, they would support recovery by Plaintiff. As such, this factor weighs against dismissal.

¶ 20    Having examined the six *Poulis* factors regarding the dismissal of this matter for failure to prosecute, the Court finds that one factor weighs against dismissal and five factors weigh in favor of dismissal (with one factor—the extent of Plaintiff's personal responsibility—weighing strongly in favor). In this instance, the Court finds the extreme sanction of dismissal is warranted. *See Molloy*, 56 V.I. at 186 ("Although a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings.").

## CONCLUSION

¶ 21    Based on the foregoing, the Court will dismiss this matter for failure to prosecute and close this matter. Accordingly, it is hereby:

ORDERED that this matter is **DISMISSED WITH PREJUDICE**. It is further:

ORDERED that this matter is **CLOSED**. It is further:

ORDERED that a copy of this memorandum opinion and order shall be served upon Plaintiff at P.O. Box 5255, Sunny Isles, VI 00823 via **certified mail** and **regular First Class mail**. **And** it is further:

ORDERED that a copy of this Order shall be served upon Defendants' counsel K. Glenda Cameron, Esq.

**DONE and so ORDERED this** 17th **day of February 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: ___2·17·22___

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**